IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CORDARLRIUS SLEDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 2:16-cv-02259 STA-egb |
| | ) | |
| SHELBY COUNTY, DAVID DYSON, | ) | |
| DANNY MCCLAIN, and DEMETRIUS | ) | |
| HALEY, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANTS DAVID DYSON AND DEMETRIUS HALEY**

COME NOW Defendants David Dyson and Demetrius Haley (collectively "Defendants"),[1] in response to Plaintiff's Complaint (D.E. 1), and state as follows:

**Answer to Complaint**

I. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 1 of the Complaint or in the sub-parts of Paragraph I of the Complaint and those allegations are, therefore, denied.

II. Defendants deny that Plaintiff is presently confined in Shelby County Division of Corrections. Upon information and belief, Defendant has since been released. Defendants lack sufficient knowledge to admit or deny the remaining

---

[1] Shelby County was dismissed as a Defendant in this Court's Order on April 26, 2017. (D.E. 11). Upon information and belief, as of the date of the filing of this pleading, Defendant McClain has not been served with process.

allegations contained in Paragraph II of the Complaint or the sub-parts of Paragraph II of the Complaint and those allegations are, therefore, denied.

III.  Defendants deny the allegations contained in Section A. of Paragraph III of the Complaint.  Upon information and belief, Plaintiff Sledge no longer resides at 1045 Mullins Station Road, Memphis, TN 38134.  Defendants admit that David Dyson is a Correctional Officer at Shelby County Division of Corrections.  The remaining statements in Paragraph III and the sub-parts of Paragraph III are not factual allegations to be admitted or denied.

IV.  Defendants admit that the Plaintiff was taken to a private location to be searched based on suspicion of possession of drugs, drug paraphernalia, smoking products, and/or smoking paraphernalia. Defendants admit further that Defendants assert they observed smoke in the area and that they observed Plaintiff attempt to flush contraband down a toilet.  The remaining allegations in Paragraph IV are denied.

V.  Defendants deny that the relief sought in Paragraph V is warranted.

VI.  Defendants deny that the relief sought in Paragraph VI is warranted.

All other allegations contained in the Complaint which have not been admitted, denied, or otherwise explained are hereby denied.

Defendants reserve the right to amend this Answer pursuant to the Federal Rules of Civil Procedure and the Orders of this Court.

## Affirmative and Other Defenses

1.   The Complaint fails to state a claim upon which relief can be granted against Officers Dyson and Haley.

2.   All of Officer Dyson and Officer Haley's actions with respect to Plaintiff were taken in good faith, were taken within the course and scope of their employment, were based on probable and reasonable cause, were those of an objectively reasonable corrections officer, were in accordance with the statutes and the common law of the United States of America and the State of Tennessee, and were in accordance with the Constitutions of the United States of America and the State of Tennessee.  Officers Dyson and Haley are therefore entitled to qualified immunity under both federal and state law as to all claims alleged by Plaintiff.

3.   Any damages allegedly suffered by Plaintiff resulted from his own acts or omissions and/or failure to comply with lawful commands.

4.   To the extent that Plaintiff's alleged injuries were caused or contributed to by his own unlawful conduct, his recovery for such alleged injuries is barred in whole or in part.

5.   Plaintiff's claims are barred to the extent that Plaintiff failed to exhaust his administrative remedies.

6.   In order to preserve its affirmative defenses and pending the completion of discovery, Defendants allege Plaintiff's claims are barred, in whole or in part, by operation of the doctrine of waiver, unclean hands, laches, equitable estoppel,

mistake, and/or failure to comply with the requirements of the Prisoner Litigation Reform Act.

7. Defendants reserve the right to assert additional affirmative defenses that may be discovered during the course of discovery.

For all the reasons contained herein, Defendants request that the Court dismiss all of Plaintiff's claims with prejudice, and award Defendants all fees, costs, and/or all such other relief to which the Court deems they are entitled.

Respectfully submitted,

*/s/ E. Lee Whitwell*
E. LEE WHITWELL (#33622)
lee.whitwell@shelbycountytn.gov
JOHN MARSHALL JONES (#13289)
johnm.jones@shelbycountytn.gov
SHELBY COUNTY ATTORNEY'S OFFICE
160 North Main Street, Suite 950
Memphis, TN  38103
(901) 222-2100

*Attorneys for Defendants*

4

5

Certificate of Service

I hereby certify that a copy of the foregoing document was sent on the 2nd day of June, 2017 via first class mail, postage prepaid, to the following:

Cordarlrius Sledge
3620 Dorado Avenue
Memphis, TN 38128

*Pro Se Plaintiff*

**/s/ E. Lee Whitwell**