IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CORDARLRIUS SLEDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 2:16-cv-02259 STA-egb |
| | ) | |
| SHELBY COUNTY, DAVID DYSON, | ) | |
| DANNY MCCLAIN, and DEMETRIUS | ) | |
| HALEY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS DAVID DYSON AND
DEMETRIUS HALEY'S MOTION FOR SUMMARY JUDGMENT BASED ON
PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Defendants David Dyson and Demetrius Haley submit this Memorandum in Support of their Motion for Summary Judgment based on Plaintiff's Failure to Exhaust Administrative Remedies, stating as follows:

*Pro se* Plaintiff Cordarlrius Sledge's Complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies before bringing suit as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e (2012). Pursuant to the Shelby County Division of Corrections' grievance process, Plaintiff had only thirty (30) days from the alleged incident to file a grievance. Plaintiff failed to do so in that time frame. Thus, Plaintiff's failure to comply strictly with the exhaustion requirement bars his claim under the PLRA.

STATEMENT OF FACTS[1]

Plaintiff was an inmate at the Shelby County Division of Corrections ("DOC") at the time he filed his Complaint, as well as at the time of his alleged injury. He alleges that on May 16, 2015, he was the victim of excessive force by Corrections Officers David Dyson and Demetrius Haley and Corrections Sergeant Danny McClain.[2] After the alleged incident, Plaintiff did not file a grievance through the DOC's grievance process system for over nine (9) months, well outside the thirty (30) days he was allotted.

Plaintiff filed suit on April 19, 2016, against the individual Defendants and Shelby County. (ECF 1). The Court dismissed all claims against the County on April 26, 2017, (ECF 11), leaving only the individual Defendants. Defendants Dyson and Haley filed their Answer on June 2, 2017. (ECF 15). Defendants Dyson and Haley now move the Court to enter summary judgment in their favor. There is no genuine factual dispute regarding Plaintiff's failure to exhaust his administrative remedies as required by the PLRA and Dyson and Haley are entitled to judgment as a matter of law.

**1.    Division of Corrections Grievance Policies**

The DOC provides a formal grievance process for inmates in the event that any inmate suffers a real or perceived injury while incarcerated. Pursuant to DOC

---

[1] Pursuant to Local Rule 56.1, Defendants Dyson and Haley also filed a Statement of Undisputed Material Facts as to which they contend there is no genuine issue for trial. In the Statement, each fact is set forth in a separate, numbered paragraph. Here, the material facts are submitted in narrative form.

[2] Upon information and belief, as of the filing of this Motion, Defendant Danny McClain has not been served with process.

Inmate Grievance Process Policy 323, grievance forms and grievance procedures are available to inmates in "grievance boxes" located within each housing unit of the prison. (Policy 323, III(J), **Exhibit A**). An inmate must exhaust the available remedies listed in this policy before filing a lawsuit. (Policy 323, I(B)(2), Ex. A). Among other things, an inmate is bound by the following rules if he wishes to exhaust the available remedies.[3]

The complaining inmate must sign the grievance and submit the form himself. (Policy 323, III(K), Ex. A). "Inmates are not permitted to submit a grievance on behalf of another inmate . . . ." (Policy 323, III(M), Ex. A; *see also* Policy 323, III(R), Ex. A). The inmate must submit the grievance within thirty (30) business days of the occurrence. (Policy 323, IX(E)(1), Ex. A). Business days are Mondays through Fridays, excluding holidays. (Policy 323, II(A), Ex. A).

Such grievances must be separate from any challenges the inmate submits regarding discipline the inmate may have received as a result of the incident. In other words, an inmate's appeal of discipline stemming from the incident cannot double as his grievance. "The Inmate Grievance Process does not serve as a duplicate appeal process or substitute appeal process for . . . [the] Disciplinary hearing process." (Policy 323, III(C)(2), Ex. A).

---

[3] There are four types of grievances—line, medical, confidential, and emergency. (Policy 323, II, E, Ex. A). Each of these types is defined. (Policy 323, II, Ex. A).

An Inmate must submit grievances himself. Inmates may not submit grievances on behalf of other inmates or regarding issues that do not directly and personally affect them.  (Policy 323, III(M), Ex. A).[4]

Grievances are received by the Inmate Grievance Department, which maintains original inmate grievance files.  (Affidavit of Tonya Beasley ¶¶3, 11, **Exhibit B**).  The inmates have access to the grievance policy and the forms used to submit a grievance.  (Beasley Aff. ¶¶4-6, Ex. B).  Inmates receive an Inmate Handbook upon arrival at the DOC which includes the grievance procedures. (Inmate Handbook, **Exhibit C**; Beasley Aff. ¶¶8-9, Ex. B).

**2.     Plaintiff Did Not Comply with the DOC's Grievance Policy**

Plaintiff did not file a grievance form regarding the alleged incident in this case within thirty (30) business days.  (Beasley Aff. ¶13, Ex. B).  Instead, he did only the following, none of which complies with the policy requirements.

Plaintiff submitted an appeal of ***discipline*** he received as a result of the incident for "Assault Against Staff" on May 27, 2015.  Plaintiff used a form titled "SHELBY COUNTY DIVISION OF CORRECTIONS INMATE DISCIPLINARY APPEAL FORM."   (Disciplinary Appeal, **Exhibit D**; Beasley Aff. ¶14, Ex. B) (capitals in original).

Plaintiff then sent two letters regarding the alleged incident, neither of them within thirty (30) business days.  He sent the first of these two letters on notebook paper to a "Mr. Gulcin" dated "2-29-6[sic]" asking about the outcome of the

---

[4] This rule is subject to an exception that is not relevant here—grievances filed based on violations of the Prison Rape Elimination Act.

investigation of the incident.[5]  (Plaintiff's Letter Feb. 29, 2016, **Exhibit E**; Beasley Aff. ¶15, Ex. B).  Plaintiff apparently meant to submit this letter to DOC Director William Gupton and meant to include a "1" in the date, making the date "2-29-16." The Inmate Grievance Office received this letter on March 3, 2016.  (Beasley Aff. ¶15, Ex. B).  Thus, Plaintiff sent the letter roughly 286 days after the alleged incident.

Plaintiff sent the second letter on notebook paper dated March 7, 2016 (roughly 293 days after the incident), this time addressed to Mr. William Gupton and again requesting information on the status of any investigation.  (Plaintiff's Letter Mar. 7, 2016, **Exhibit F**; Beasley Aff. ¶16, Ex. B).  In this letter, he states "[t]his is my 2nd time writing you . . . ."  (Plaintiff's Letter Mar. 7, 2016, Ex. F).

The DOC received another letter regarding the alleged incident, but the Plaintiff did not sign it.  Various inmates who identify themselves as "14 Block" sent a letter on notebook paper to Director Gupton, private attorney Arthur Horne, the DOC's Office of Professional Standards, Fox 13 News, and Mayor Mark Luttrell regarding the incident on May 19, 2015.  (Group Letter May 19, 2015, **Exhibit G**; Beasley Aff. ¶17, Ex. B).  Thirty-four inmates signed their names and their prison identification numbers.  (Group Letter May 19, 2015, Ex. G).  However, Plaintiff Cordarlrius Sledge is not listed under the "From" heading of the letter, nor is his name or signature on the signature page with the rest of the inmates or anywhere else on the document.  *See id.*

---

[5] In this letter, Plaintiff alleges the incident at issue occurred on May 16, 2014.  However, other documents in the record (including other letters by the Plaintiff) make clear that the date of the alleged incident was May 16, 2015.

ARGUMENT

**Standard of Review**

Rule 56 of the Federal Rules of Civil Procedure requires a court to grant summary judgment if the evidence offered demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the movant in a summary judgment motion has the burden to show there is no genuine issue of material fact, the plaintiff is not relieved of the duty to produce evidence that would support a jury verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A party in opposition to a motion for summary judgment "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.; see also Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989)(". . . the respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment.")(internal citations and quotation marks omitted).

A.     **The Prisoner Litigation Reform Act Requires Strict Compliance with Prison Grievance Procedures.**

The Prisoner Litigation Reform Act requires a prisoner-plaintiff to exhaust all available administrative remedies within the prison prior to bringing a federal lawsuit. 42 U.S.C. § 1997(e) (2012); *Woodford v. Ngo,* 548 U.S. 81 (2006). The PLRA states that "[n]o action shall be brought with respect to prison conditions

6

under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*." 42 U.S.C. § 1997e(a) (emphasis added).  The PLRA's exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion of all administrative remedies is mandatory, and the remedies provided need not meet federal standards. *Id.* at 524; *see Woodford*, 548 U.S. at 85 ("[A] prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative process[.]").

A particular prison's grievance procedure is the one that the inmate must comply with.  To properly exhaust, an inmate must "complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citations and internal quotation marks omitted).  Thus, "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id; see also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("The prisoner . . . may not exhaust administrative remedies during the pendency of the federal suit."). A prisoner's lawsuit is subject to dismissal if it has not first been exhausted properly.

**B.      An Inmate's Appeal of Disciplinary Action Against Him is Not Sufficient to Satisfy the Exhaustion Requirement.**

An inmate cannot use a disciplinary appeal to double as his grievance. In the aftermath of an incident like the one Plaintiff alleges here, it is not uncommon for the inmate to be disciplined for his part in the incident. And, of course, inmates have channels through which to challenge that discipline. However, those rights are entirely separate from the inmate's right (and duty if he wishes to bring a § 1983 suit) to file a grievance based on the incident. Last year, the U.S. Supreme Court plainly so held in *Ross v. Blake*, 136 S. Ct. 1850 (2016), where a *pro se* plaintiff-inmate appealed internal discipline against him, but did not comply with the Correction Center's administrative grievance process. The plaintiff in *Ross* brought suit alleging that corrections officers used excessive force against him. *See id.* at 1855. The plaintiff did not seek a remedy through the prison's Administrative Remedy Procedure "because, he thought, the [internal] investigation unit served as a substitute for that otherwise standard process." *Id.* The Court held that the plaintiff's misunderstanding did not excuse his failure to comply strictly with the requirements of the PLRA, stating "[c]ourts may not engraft an unwritten 'special circumstances' exception onto the PLRA's exhaustion requirement." *Id.* at 1862. The Court reasoned that, because the PLRA's exhaustion rule is a statutory (rather than judicially-created) rule, "mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.* at 1857 (citations omitted); *see also Jones*, 549 U.S. at 211 ("There is no question that

exhaustion is mandatory under the PLRA"); *Angulo v. Nassau Cty.*, 89 F. Supp. 3d 541, 551 (E.D.N.Y. 2015) ("[N]o reasonable factfinder could conclude that plaintiff complied with the first step in the grievance process simply by writing a letter to Sheriff Sposato."). Thus, a *pro se* inmate-plaintiff must strictly comply with the grievance procedures provided by the prison. His participation in a separate internal (or external) investigation, or an appeal of discipline against him, does not satisfy the requirement.

In this case, the Plaintiff did not comply with the DOC's grievance procedure. He filed an appeal of the discipline that he received as a result of the incident. (Disciplinary Appeal, Ex. D). And he sent two (2) requests for information regarding the Department's investigation in February and March of 2016, respectively. (Plaintiff's Letter Feb. 29, 2016, Ex. E; Plaintiff's Letter Mar. 7, 2016, Ex. F). But he did not file a grievance under Policy 323 within thirty (30) business days after the alleged incident giving rise to this case. (Beasley Aff. ¶13, Ex. B). Thus, Plaintiff failed to properly exhaust his claim. (Beasley Aff. ¶¶13-19, Ex. B).

**C.      Inmates Must Process Their Own Grievance Forms.**

Shelby County DOC inmates must sign and submit their own grievance forms. Policy 323 prohibits inmates from submitting grievances on behalf of other inmates, with exceptions that do not apply in this case.[6] The Policy specifically provides that "[i]nmates are not permitted to submit a grievance on behalf of another inmate or about an issue/complaint not directly affecting them personally . .

---

[6] Inmates do not have to sign or submit their own grievance if the grievance is based on an alleged violation of the Prison Rape Elimination Act. (Policy 323, III, M, Ex. A). That exception does not apply here because the Plaintiff did not allege such harm.

. ."  (Policy 323, III(M), Ex. A).  Further, although an inmate "may assist another inmate in preparing a grievance . . . the complainant must sign the grievance and submit the form."  (Policy 323, III(K), Ex. A).

In this case, several other inmates sent a letter to the DOC regarding the incident, but Plaintiff did not sign that letter.  (Group Letter May 19, 2015, Ex. G).  Thus, even if those inmates had properly used a grievance form, their submission would not save Plaintiff's suit because he did not sign it.

## CONCLUSION

Plaintiff brought this lawsuit without first exhausting his administrative remedies within the DOC.  The Prisoner Litigation Reform Act mandates strict compliance with the exhaustion of such remedies prior to filing suit.  Because Plaintiff failed to comply with this requirement prior to bringing his lawsuit, the Court should grant summary judgment in favor of Defendants Dyson and Haley and dismiss this action with prejudice.

Respectfully submitted,

*/s/ E. Lee Whitwell*
E. LEE WHITWELL (#33622)
lee.whitwell@shelbycountytn.gov
JOHN MARSHALL JONES (#13289)
johnm.jones@shelbycountytn.gov
SHELBY COUNTY ATTORNEY'S OFFICE
160 North Main Street, Suite 950
Memphis, TN  38103
(901) 222-2100

*Attorneys for Defendants Haley and Dyson*

<u>Certificate of Service</u>

I hereby certify that a copy of the foregoing document was sent on the 24th day of October, 2017 via first class mail, postage prepaid, to the following:

Cordarlrius Sledge
3620 Dorado Avenue
Memphis, TN 38128

*Pro Se Plaintiff*

**/s/ E. Lee Whitwell**

11