IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CORDARLRIUS SLEDGE,         )<br>                                                      )<br>          Plaintiff,                         )<br>                                                      )     Civil Action No.<br>v.                                                 )     2:16-cv-02259 STA-egb<br>                                                      )<br>SHELBY COUNTY, DAVID DYSON,   )<br>DANNY MCCLAIN, and DEMETRIUS )<br>HALEY,                                         )<br>                                                      )<br>          Defendants.                    )  | |

## DEFENDANT DYSON AND HALEY'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendants David Dyson and Demetrius Haley ("Defendants") submit this Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment.

1. Plaintiff Cordarlrius Sledge ("Plaintiff") was an inmate housed by the Shelby County Division of Corrections, 1045 Mullins Station Road, Memphis, TN 38134 ("DOC") at the time he filed this lawsuit. (ECF 1).

2. Plaintiff filed this lawsuit as a *pro se* plaintiff—without representation by a licensed attorney. (ECF 1).

3. Plaintiff also requested leave to proceed *in forma pauperis*; the Court granted his request. (ECF 2, 4).

4. Plaintiff's lawsuit alleges that DOC Corrections Officers assaulted him while Plaintiff was an inmate. (ECF 1).

5. Plaintiff alleges that the incident occurred on May 16, 2015. (Plaintiff's Letter Mar. 7, 2016, Ex. F).

6. Plaintiff's lawsuit must be in compliance with the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e, to go forward. *See* § 1997e(a); § 1997e(h).

7. DOC Policy 323 governs the submission by inmates of complaints and/or grievances concerning actions by staff that negatively affect inmates. (Policy 323, Ex. A; Beasley Aff. ¶4, Ex. B).[1]

8. The version of Policy 323 that was in effect at the time of Plaintiff's alleged May 16, 2015 incident took effect on April 27, 2015. (Policy 323, Ex. A; Beasley Aff. ¶3, Ex. B; Complaint, ECF 1).

9. The rules governing inmate grievances, as explained in Policy 323, are also included in the DOC Inmate Handbook. (Inmate Handbook, Ex. C; Beasley Aff. ¶4, Ex. B).

10. Each inmate receives an Inmate Handbook upon arrival at the DOC. (Beasley Aff. ¶5, Ex. B).

11. The grievance process is available to every inmate. (Beasley Aff. ¶5, Ex. B).

12. The grievance process was available to Plaintiff on and after May 16, 2015. (Policy 323, Ex. A; Beasley Aff. ¶5, Ex. B; Inmate Handbook, Ex. C).

---

[1] The Exhibits cited in this Statement of Undisputed Material Facts are the same Exhibits cited in Defendants' Memorandum in Support of Motion for Summary Judgment. They are labeled by letter based on the order in which they appear in the Memorandum.

2

13. Grievance forms and submission boxes for those forms are located throughout the prison and are available to all inmates. (Policy 323, III(J), Ex. A; Beasley Aff. ¶6, Ex. B).

14. The submission boxes are locked so that forms can be inserted into them but cannot be removed from them without a key. (Beasley Aff. ¶6, Ex. B).

15. Only DOC mail clerks have keys to the submission boxes; no other individuals have keys to the submission boxes. (Beasley Aff. ¶6, Ex. B).

16. Policy 323 covers four (4) types of grievances—line grievances, medical grievances, confidential grievances, and emergency grievances. (Policy 323, II(E), Ex. A).

17. Plaintiff's alleged grievance was a "confidential" grievance under Policy 323. (Policy 323, II(B), Ex. A; Beasley Aff. ¶7, Ex. B).

18. Policy 323 requires inmates to submit any grievance, including confidential grievances, within thirty (30) days of the alleged incident giving rise to the grievance. (Policy 323, IX(E), Ex. A).

19. An inmate must sign and submit his own grievance forms. (Policy 323, III(K), (M), (R), Ex. A; Beasley Aff. ¶9, Ex. B).

20. Inmates may not use disciplinary appeal forms to substitute for, or double as, grievance forms. (Policy 323, III(C)(2), Ex. A; Beasley Aff. ¶10, Ex. B).

21. The DOC Inmate Grievance Department maintains all grievances submitted by inmates. (Beasley Aff. ¶11, Ex. B).

22. Tonya Beasley is the Supervisor of the DOC Inmate Grievance Department. (Beasley Aff. ¶2, Ex. B).

23. The Inmate Grievance Department maintains Plaintiff's entire grievance file. (Beasley Aff. ¶12, Ex. B).

24. On May 27, 2015, Plaintiff submitted an appeal of discipline against him stemming from the May 16, 2015 incident. (Disciplinary Appeal, Ex. D; Beasley Aff. ¶14, Ex. B). This disciplinary appeal did not comply with the grievance policy, did not constitute a grievance, and was instead an appeal of discipline. (Policy 323, III(C)(2), Ex. A; Beasley Aff. ¶14, Ex. B).

25. Plaintiff sent a letter dated "2-29-6[sic]" regarding the alleged May 16, 2015 incident, which the Inmate Grievance Department received on or about March 3, 2016. (Plaintiff's Letter Feb. 29, 2016, Ex. E; Beasley Aff. ¶15, Ex. B). This letter was not timely and, thus, did not comply with the grievance policy. (Policy 323, IX(E) (1), Ex. A; Beasley Aff. ¶15, Ex. B).

26. Plaintiff sent a second letter regarding the alleged May 16, 2015 incident dated "3-7-2016", which the Inmate Grievance Department received on or about March 7, 2016. (Plaintiff's Letter Mar. 7, 2016, Ex. F; Beasley Aff. ¶16, Ex. B). This letter also was not timely and, thus, did not comply with the grievance policy. (Policy 323, IX(E) (1), Ex. A; Beasley Aff. ¶16, Ex. B).

27. Several other inmates also sent a letter dated May 19, 2015 to DOC Director William Gupton, attorney Arthur Horne, the DOC's Office of Professional Standards, Fox 13 News, and Mayor Mark Luttrell, regarding the alleged

May 16, 2015 incident. (Group Letter May 19, 2015, Ex. G; Beasley Aff. ¶17, Ex. B). Plaintiff did not sign this letter. (Group Letter May 19, 2015, Ex. G).

28. Plaintiff submitted no other grievance documents regarding the alleged May 16, 2015 incident. (Beasley Aff. ¶18, Ex. B).

29. Plaintiff did not submit a grievance within thirty (30) days of the incident he alleges took place on May 16, 2015. (Beasley Aff. ¶13, Ex. B).

30. Plaintiff did not fully exhaust his available grievance remedies regarding the alleged May 16, 2015 incident. (Policy 323, Ex. A; Beasley Aff. ¶19, Ex. B).

Respectfully submitted,

*/s/ E. Lee Whitwell*
E. LEE WHITWELL (#33622)
lee.whitwell@shelbycountytn.gov
JOHN MARSHALL JONES (#13289)
johnm.jones@shelbycountytn.gov
SHELBY COUNTY ATTORNEY'S OFFICE
160 North Main Street, Suite 950
Memphis, TN  38103
(901) 222-2100

*Attorneys for Defendants Haley and Dyson*

<u>Certificate of Service</u>

      I hereby certify that a copy of the foregoing document was sent on the 24th day of October, 2017 via first class mail, postage prepaid, to the following:

Cordarlrius Sledge
3620 Dorado Avenue
Memphis, TN 38128

*Pro Se Plaintiff*

                                        <u>*/s/ E. Lee Whitwell*</u>