IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **CORDARLRIUS SLEDGE,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )      No. 2:16-cv-02259-STA-egb |
| | ) |
| **DAVID DYSON, DANNY McCLAIN,** | ) |
| **and DEMETRIUS HALEY,** | ) |
| | ) |
|     Defendants. | ) |

---

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
WITHDRAWING THE COURT'S REFERENCE TO THE MAGISTRATE JUDGE, AND
DENYNG DEFENDANTS' MOTION TO COMPEL AS MOOT**

---

Before the Court is the Motion for Summary Judgment (ECF No. 22) of Defendants David Dyson and Demetrius Haley ("Defendants").[1] Plaintiff Cordarlrius Sledge ("Plaintiff") filed his *pro se* Complaint (ECF No. 1), alleging Defendants, corrections officers at the facility in which he was imprisoned, violated his civil rights. Defendants now seek the dismissal of all claims brought against them in that Complaint because Plaintiff failed to exhaust his remedies as he was required to do under the Prison Litigation Reform Act, 42 U.S.C. § 1997e (the "PLRA"). Plaintiff has filed no response. For reasons set forth below, the instant Motion is **GRANTED**. All of Plaintiff's claims against Defendants are hereby **DISMISSED**. As a result, the Court's prior Reference (ECF No. 29) of Defendants' Motion to Compel (ECF No. 28) to the Magistrate Judge is **WITHDRAWN**. And the Motion to Compel is **DENIED** as moot.

---

[1] As Defendant Danny McClain has not yet been served with process and is therefore not yet a party to this action, the Court excludes Defendant McClain from its label of "Defendants" as used in this Order.

## I. BACKGROUND

### A. Procedural Posture

Plaintiff filed his *pro se* Complaint (ECF No. 1) on April 19, 2016. The Court is required screen to prisoner complaints, dismissing them or portions thereof if they are frivolous or otherwise fail to state a remediable claim for relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court screened Plaintiff's Complaint in this case, dismissing one defendant in its April 26, 2017 Order (ECF No. 11). And in doing so, the Court also ordered that process be served upon the remaining Defendants. Not long thereafter, Defendants filed an Answer (ECF No. 15) to the *pro se* Complaint. On October 24, 2017, Defendants filed the present Motion (ECF No. 22). Plaintiff, however, did not file a response. Despite the fact that the period to respond had long since elapsed, the Court gave Plaintiff another chance in its January 3, 2018 Order (ECF No. 30), warning Plaintiff that failure to respond would result in the Court regarding Defendants' Statement of Facts as undisputed in its entirety. Plaintiff still has not responded.

Defendants also filed a Motion to Compel Discovery on January 3, 2018 (ECF No. 28). On the same day, the Court referred that Motion to the Magistrate Judge (ECF No. 29).

### B. Undisputed Facts

The following facts are undisputed by the parties.[2] *See* Def. Dyson and Haley's Statement of Undisputed Material Facts, Oct. 24, 2017, ECF No. 22-2 [hereinafter "Defs.' Statement of Facts"]; Order Directing Pl. to Show Cause, Jan. 3, 2018, ECF No. 30. Plaintiff was an inmate housed by the Shelby County Division of Corrections, 1045 Mullins Station Road,

---

[2] Because Plaintiff has failed to respond to Defendants' Motion or Statement of Facts, Defendants' Statement of Facts is treated as undisputed in its entirely. The Court will not, however, consider such "facts" that are merely legal conclusions or statements unsupported by evidence. *See infra* Part II.

Memphis, TN 38134 (the "DOC") at the time he filed this lawsuit. Plaintiff alleges that certain officers employed by the DOC, including Defendants, assaulted Plaintiff while he was an inmate. Plaintiff further alleges that this incident occurred on May 16, 2015 (the "Incident"). DOC Policy 323 ("Policy 323") governs the submission by inmates of complaints or grievances concerning actions by staff that negatively affect inmates. The version of Policy 323 that was in effect at the time of the Incident took effect on April 27, 2015. The rules governing inmate grievances, as explained in Policy 323, are included in the DOC Inmate Handbook. Each inmate receives an Inmate Handbook upon arrival at the DOC. The grievance process is available to every inmate. The grievance process was available to Plaintiff on and after the date of the Incident. Grievance forms and submission boxes for those forms are located throughout the prison and are available to all inmates. The submission boxes are locked so that forms can be inserted into them but cannot be removed from them without a key. DOC mail clerks, but no other individuals, have keys to the submission boxes. Policy 323 covers four types of grievances: (1) line grievances, (2) medical grievances, (3) confidential grievances, and (4) emergency grievances. Plaintiff's allegations constituted a confidential grievance. Policy 323 requires inmates to submit any grievance, including confidential grievances, within thirty days of the alleged incident giving rise to the grievance. An inmate must sign and submit his own grievance form. Inmates may not use disciplinary appeal forms to substitute for, or double as, grievance forms. The DOC Inmate Grievance Department (the "Department") maintains all grievances submitted by inmates. Tonya Beasley is the supervisor of the Department. The Department maintains Plaintiff's entire grievance file.

On May 27, 2015, Plaintiff submitted an appeal of discipline against him stemming from the Incident. Plaintiff's submission was an appeal of a decision to administer discipline to

Plaintiff. Plaintiff sent a letter dated February 29, 2016, regarding the Incident, which the Department received on or about March 3, 2016. Plaintiff sent a second letter dated March 7, 2016, which the Department received on or about that same day. In addition to Plaintiff's letters, several other inmates sent a letter—dated May 19, 2015—about the Incident to DOC Director William Gupton, attorney Arthur Horne, the DOC's Office of Professional Standards, Fox 13 News, and Mayor Mark Luttrell. Plaintiff did not sign this letter. Plaintiff submitted no other grievance documents regarding the Incident.

## II. STANDARD OF LAW

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. When deciding a motion for summary judgment, the Court must review all the evidence, viewing it in a light most favorable to the nonmoving party and also drawing all reasonable inferences in that party's favor. *Roell v. Hamilton Cty.*, 870 F.3d 471, 479 (6th Cir. 2017) (citing *Watson v. Cartee*, 817 F.3d 299, 302 (6th Cir. 2016)); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court "may not make credibility determinations []or weigh the evidence." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014). "The burden is generally on the moving party to show that no genuine issue of material fact exists, but that burden may be discharged by 'showing . . . that there is an absence of evidence to support the nonmoving party's case.'" *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). When the motion is supported by documentary proof such as depositions and

affidavits, the nonmoving party may not rest on his pleadings but instead must present some "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324; *Eastham v. Chesapeake Appalachia, L.L.C.*, 754 F.3d 356, 360 (6th Cir. 2014). These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The Court must, however, enter summary judgment "against a party who fails to . . . [meet the burden] that party will bear . . . at trial." *Celotex Corp*, 477 U.S. at 322.

## III. ANALYSIS

Plaintiff's *pro se* Complaint is captioned as a "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983." Pro Se Complaint, at 1, Apr. 19, 2016, ECF No. 1. Plaintiff alleges that Defendants entered the area he was located in for a random search because they claimed to have seen smoke. *Id.* at 2. Plaintiff was then strip-searched by Defendants. *Id.* Plaintiff says that Defendants claimed Plaintiff tried to flush contraband immediately preceding or during the search. *Id.* Then, according to the allegations of the *pro se* Complaint, Defendants Haley and McClain punched Plaintiff in the face. *Id.* Defendant Dyson picked Plaintiff up and slammed him face first into the sink and then the floor. *Id.* Plaintiff claims to have then lost consciousness, waking up in the institution's medical center. *Id.* Plaintiff ultimately seeks to have "Defendants . . . held [accountable] for their actions." *Id.* at 3.

Defendants move for summary judgment solely on the basis that Plaintiff has failed to satisfy the exhaustion requirement set forth in the PLRA. *See* Mem. in Supp. of Defs. David Dyson and Demetrius Haley's Mot. for Summ. J. Based on Pl.'s Failure to Exhaust

Administrative Remedies, at 6–10, Oct. 24, 2017, ECF No. 22-1 [hereinafter "Defs' Mot. for Summ. J."]. Plaintiff, despite the entry of a Show Cause Order, has failed to respond. Plaintiff's failure is not, however, good grounds for granting the Motion. *See* W.D. Tenn. R. 7.2(a)(2). Therefore, the Court is given the difficult task of considering Defendants' Motion on the merits without "the crucible of meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 656 (1984) (discussing the right to counsel). "The dilemma thereby created for the Court . . . [involves] playing 'devil's advocate' on behalf of the disinterested [party], while at the same time attempting to exercise [its] impartiality in making a just determination . . . ." *Gottlieb v. Barry*, 43 F.3d 474, 490 (10th Cir. 1994) (discussing the appointment of a guardian *ad litem*). Yet a determination on Defendants' Motion must be made.

### A.   Effect of the PLRA

Generally speaking, "[e]very person who, under [the] color of [law] of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . ." 42 U.S.C. § 1983. But pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under . . . [42 U.S.C. § 1983] . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). In giving effect to a statute, the Court must apply the plain meaning of the statutory language. *United States v. Wiltberger*, 18 U.S. 76, 95 (1820); *Vergos v. Gregg's Enters.*, 159 F.3d 989, 990 (6th Cir. 1998) (quoting *Appleton v. First Nat'l Bank*, 62 F.3d 791, 801 (6th Cir. 1995)). The Court "presume[s] . . . 'that [the] legislature says . . . what it means and means . . . what it says.'" *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718,

1725 (2017) (quoting *Dodd v. United States*, 545 U.S. 353, 357 (2005)). And the Supreme Court has been clear that Congress meant *no* action. *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citing *Wilson v. Seiter*, 501 U.S. 294. 299 n.1 (1991)) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). "All 'available' remedies must . . . be exhausted . . . ." *Id.* at 524 (quoting *Booth v. Churner*, 532 U.S. 731, 740 (2001)). And "those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* If a prisoner fails to exhaust his remedies, no action can lie. And the Supreme Court has likewise been clear that the remedies available are determined by the procedure of the institution in which the prisoner is housed. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

### B. Whether Plaintiff Timely Filed a Grievance

Defendants assert that the Department received no timely grievance from Plaintiff. Defs' Mot. for Summ. J., at 1. If correct, this is sufficient cause to dismiss Plaintiff's claims for failure to exhaust his remedies because the Supreme Court has held that missing a deadline set by a grievance policy is indeed a failure to exhaust available remedies. *Jones*, 549 U.S. at 217–18 (quoting *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)). Policy 323 required Plaintiff to submit his grievance within thirty days of the Incident. Defs.' Statement of Facts, ¶¶ 16–18 (citing Defs.' Mot. for Summ. J., Ex. A, §§ II(B), (E), IX(E), ECF No. 22-3 [hereinafter "Policy 323"]). The Court will examine the communications received by the Department in light of Policy 323 to determine if any communication was proper and timely.

According to the undisputed facts, Defendants received (1) an appeal of discipline from Plaintiff, (2) two letters from Plaintiff seeking information about the investigation into the Incident, and (3) a letter from other inmates concerning the Incident. Defendants first received the disciplinary appeal on May 27, 2015—eleven days after the Incident. Defs.' Statement of Facts, ¶ 24 (citing Defs.' Mot. for Summ. J., Ex. B, ¶ 14, ECF No. 22-3 [hereinafter "Beasley Aff."]; Defs.' Mot. for Summ. J., Ex. D, ECF No. 22-3 [hereinafter "Disciplinary Appeal"]). While within 30 days of the Incident, the disciplinary appeal cannot constitute a grievance under Policy 323 because the Policy expressly states that a disciplinary appeal is not a grievance. Defs.' Mot. for Summ. J., at 8; Policy 323, § III(C)(2). Therefore, the disciplinary appeal does not constitute a properly filed grievance.

Plaintiff also sent two letters to the Department in February and March of 2016, inquiring about the Department's investigation. Defs.' Mot. for Summ. J., at 9; Defs.' Statement of Facts, §§ 25–26 (citing Policy 323, § IX(E); Beasley Aff., ¶ 16; Defs.' Mot. for Summ. J., Ex. E, ECF No. 22-3 [hereinafter "Pl.'s Feb. Letter"]; Defs.' Mot. for Summ. J., Ex. F, ECF No. 22-3 [hereinafter "Pl.'s Mar. Letter"]). Defendants note that these letters did not comply with Policy 323's requirements for filing a grievance because they were sent more than thirty days after the Incident. Defs.' Mot. for Summ. J., at 9; Defs.' Statement of Facts, §§ 25–26 (citing Policy 323, § IX(E); Beasley Aff., ¶ 16; Pl.'s Feb. Letter; Pl.'s Mar. Letter). The letters—sent on February 29, 2016, and March 3, 2016—fall well outside the thirty-day period that began on May 16, 2015. Therefore, the letters were untimely under Policy 323 and cannot constitute a properly filed grievance.

Finally, several other inmates sent a letter to the DOC Director and other individuals on May 19, 2015—well within the thirty-day period. Defs.' Statement of Facts, ¶ 27 (citing Defs.'

Mot. for Summ. J., Ex. G, ECF No. 22-3 [hereinafter "Group Letter"]. Policy 323 is clear, however, that an inmate may not submit a grievance on behalf of another inmate.[3] Policy 323, § III(M). And "although an inmate 'may assist another inmate in preparing a grievance . . . [,] the complainant must sign the grievance and submit the form." Defs. Mot. for Summ. J., at 10 (quoting Policy 323, § III(K)). Here, Plaintiff did not sign the letter from the other inmates. Defs.' Statement of Facts, ¶ 27 (citing Group Letter). Thus, this letter cannot constitute a grievance either. And the Court must conclude that Plaintiff failed to exhaust his remedies since he did not properly file a grievance as required by Policy 323. Because Plaintiff failed to exhaust his remedies, the PLRA precludes the filing of this action. The Court therefore finds that no material facts remain in dispute and Defendants are entitled to judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion is **GRANTED**, and Plaintiff's claims against Defendants are **DISMISSED**. Necessarily, the Court's prior reference of Defendants' Motion to Compel to the Magistrate Judge for determination is **WITHDRAWN**. And Defendants' Motion to Compel is hereby **DENIED** as moot.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: February 7, 2018.

---

[3] The only exception to this rule is not applicable here. *See* Policy 323, § III(M); Pro Se Compl., ECF No. 1.